CARLOS J. TORRES, Petitioner and Appellant, *v.* PORTO RICO DAIRY, INC., ET AL., Respondents and Appellees.

No. 6151.   Argued November 24, 1933.—Decided April 25, 1934.

*Carlos J. Torres, in pro. per.,* for appellant.   *C. Coll y Cuchí* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 22 of the Law of Corporations (Compiled Statutes of 1911, section 428) provides:

"If it be so provided in the articles of incorporation, as originally filed or as amended, at any election of directors of any corporation organized under this act, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected and he may cast all of such votes for a single director or may distribute them, as he may see fit, which right when exercised shall be termed 'cumulative voting.' No share of stock shall be voted on at any election which has been transferred on the books of the corporation within twenty days next preceding such election. Unless otherwise provided in the articles of incorporation at every election, each stockholder whether resident or nonresident, shall be entitled to one vote in person or by proxy for each share of the capital stock held by him; but no proxy shall be voted on three years after its date. Shares of stock of a corporation belonging to said corporation commonly known as 'treasury stock' shall not be voted upon directly or indirectly. Any person holding stock in any representative or fiduciary capacity may represent the same at all meetings of the corporations, and any stockholder who has pledged his stocks as collateral security may vote thereon as a stockholder, unless on the transfer to the pledgee on the books of

the corporation he shall have expressly empowered the pledgee to vote thereon, in which case only the pledgee or his proxy may represent the said stock and vote upon it.''

The Porto Rico Dairy, Inc., was constituted without including in its articles of incorporation the cumulative voting provision contained in section 22, *supra*.

On the 30th of April 1932, this corporation held an election. One of the stockholders, who had control of 657 votes, proceeded to nominate seven directors and to cast the whole number of such votes for each one of the officers who were to be elected. Carlos J. Torres was also present at the meeting and had the ownership or control of 223 shares or votes, which he proceeded to cast for himself as one of the directors. The result, as announced by the inspector of the election, was that the seven candidates above referred to were elected, each of them having received the 657 votes aforesaid.

Carlos J. Torres presented a petition to the District Court of San Juan wherein he alleged that the election was illegal and that he should have been declared to be duly elected. His idea was that the 657 votes should be distributed among the several directors voted for. Of course then the 223 votes would exceed one or more of the other directors.

The court held that as the cumulative provision of the act was not included in the articles of incorporation of the Porto Rico Dairy, Inc., the rule made to protect a minority of stockholders was not applicable to this case; that if the corporation or the plaintiff had desired to obtain protection the result might have been accomplished by effecting a change in the articles.

Under various sections of the law every stockholder has a vote for each share that he owns. The ordinary rule, as we know it, is that every stockholder can vote for every person put up for election in the number of shares that he owns. There is nothing in the law which requires, as maintained by appellant, that a stockholder should divide his total number of shares or votes among all the directors to be elected. The

judge of the district court made the situation clear by an example. He said that instead of having a single election for, say, seven directors, each one of the directors might have been separately elected, and then, of course, if a single person was up for election, each stockholder would have a right to cast all his votes for each candidate.

Another illustration might also serve to make this situation clear. Supposing that in a corporation there were fifty shares and the stockholders, for their own purposes, desired to elect fifty-five agents for the whole island. Then, according to the theory of the appellant, some of the agents could not obtain a vote.

We have examined the jurisprudence cited by the appellant and none of it has any great bearing on the question at bar.

The judgment should be affirmed.